# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ANTHONY G.,

          Plaintiff,

     v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No. 8:25-cv-00430-AYP

MEMORANDUM OPINION AND ORDER

Plaintiff Anthony G.[1] seeks review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.) The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 7, 8, 19, 22.) The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings consistent

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

with this Order.

## I.    BACKGROUND

On September 26, 2022, Plaintiff applied for disability insurance benefits, claiming that he had been unable to work since November 22, 2021, due to chronic pain syndrome. (Administrative Record ("AR") 135, 244-45.) After his application was denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ"). (AR 135-39, 151-55.) The ALJ conducted a hearing on December 14, 2023, at which Plaintiff appeared with counsel and testified. (AR 40-54.) A vocational expert ("VE") also testified. (AR 55-65.)

On February 9, 2024, the ALJ issued his decision denying benefits. (AR 14-33.) The ALJ found that a prior unfavorable decision was administratively final and that res judicata applied through August 30, 2022, the date of that decision. (AR 17.) The ALJ therefore considered only the unadjudicated period beginning August 31, 2022. (AR 17-18.) Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: fibromyalgia, left piriformis syndrome, lumbar spondylosis, bilateral patellofemoral syndrome, and right carpal tunnel syndrome. (AR 20.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with the following specific limitations: he could occasionally perform postural activities, but never climb ladders, scaffolds, or ropes; could frequently, but not constantly, perform handling and fingering with the right upper extremity; and could not

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work. 20 C.F.R. § 404.1520(a)(4).

work at unprotected heights.  (AR 22.)

Based on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a sales clerk, an order filler, and a receptionist.  (AR 27-28.)  As a result, the ALJ ended the sequential evaluation process at step four and concluded that Plaintiff was not disabled during the relevant period. (AR 28.)

On April 2, 2024, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision.  (AR 242-43.)  The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-6.)

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).  In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021).  When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision.  *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## III.    DISCUSSION

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for discounting his subjective symptom testimony, particularly his allegations of fatigue and sleep-related limitations.  (Dkt. No. at  4-5.)

When a claimant produces objective medical evidence of an underlying

3

impairment that could reasonably be expected to produce the alleged symptoms, and there is no affirmative evidence of malingering, an ALJ may reject the claimant's testimony regarding the severity of those symptoms only by providing specific, clear and convincing reasons supported by substantial evidence. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). General findings are insufficient; rather, the ALJ must specifically identify the testimony being discounted and explain what evidence undermines it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015). Although an ALJ need not discuss every piece of evidence or draft a "line-by-line exegesis" of the record, the Court must be able to follow the ALJ's reasoning and determine that the claimant's testimony was not arbitrarily discredited. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (clear and convincing standard requires ALJ to "show his work").

Here, Plaintiff alleged that he suffered not only from chronic pain, but also significant fatigue and sleep-related limitations. He reported persistent sleep disturbances, sleeping only a few hours per night, and daytime somnolence. (AR 43, 45-46, 49, 54, 280, 285, 338-39.) In his decision, the ALJ acknowledged Plaintiff's reports of sleep problems and fatigue. (AR 23.) The ALJ generally discounted Plaintiff's subjective complaints based on the objective medical evidence, the medical opinion evidence, and Plaintiff's activities of daily living. (AR 23-27.) However, as discussed below, the decision did not adequately explain how those considerations undermined Plaintiff's fatigue allegations.

First, the ALJ cited the objective medical findings. (AR 23-27.) Although objective medical evidence cannot be the sole basis for discounting a claimant's subjective symptom allegations, it remains a relevant consideration in evaluating those symptoms. *See* Social Security Ruling ("SSR") 16-3p, 2017 WL

4

5180304, at *5; *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In this case, the ALJ's discussion focused primarily on musculoskeletal findings, imaging, and physical examination results. (AR 23-27.) While that evidence may be relevant to certain of Plaintiff's physical complaints, the ALJ did not sufficiently explain how it undermined Plaintiff's separate allegations of chronic fatigue. Moreover, the record contained diagnostic evidence relevant to those allegations. In 2018, Plaintiff underwent a sleep study reflecting severe obstructive sleep apnea, including an apnea-hypopnea index in the severe range and oxygen saturation levels dropping as low as 76 percent. (AR 3770-73.) Although that study predated the relevant period, it nonetheless constituted objective medical evidence potentially consistent with Plaintiff's later reports of poor sleep, daytime somnolence, and fatigue. The ALJ failed to address this evidence when discussing Plaintiff's symptom complaints. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must explain why significant probative evidence has been rejected); *Leon v. Berryhill*, 880 F.3d 1041, 1046-47 (9th Cir. 2017) (noting that fatigue and daytime drowsiness associated with obstructive sleep apnea are relevant to the disability determination).

Second, the ALJ cited the medical opinion evidence. (AR 26.) But the State Agency medical consultants' findings likewise did not meaningfully address Plaintiff's allegations of chronic fatigue and daytime sleepiness, nor did they appear to consider the 2018 sleep study reflecting severe obstructive sleep apnea. (*See* AR 87-104, 107-113.) Accordingly, reliance on those opinions, without further explanation, does not constitute a clear and convincing reason to discount Plaintiff's asserted fatigue-related limitations. *See Brown-Hunter*, 806 F.3d at 493-94.

Finally, the ALJ cited Plaintiff's daily activities, including performing light chores, shopping, using public transportation, spending time with others,

going to Disneyland, arranging a holiday gathering, and going out to lunch. (AR 27.) Daily activities may undermine symptom allegations if they (1) contradict the claimant's testimony, or (2) show abilities transferable to a work setting. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But sporadic outings and limited household tasks do not necessarily contradict allegations of fatigue or an inability to sustain full-time work activity on a regular and continuing basis. Nor does the decision explain how occasional social or recreational activities translate into the ability to maintain attention, persistence, pace, or attendance over an eight-hour workday and forty-hour workweek. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (mere fact that claimant engages in limited daily activities does not establish ability to work); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (a claimant need not be "utterly incapacitated to be eligible for benefits").

On this record, the Court cannot conclude the ALJ's error was harmless. If credited in whole or in part, Plaintiff's allegations of fatigue and daytime sleepiness could reasonably have warranted additional limitations in the RFC. Those limitations could have affected the ALJ's step-four finding that Plaintiff could perform his past relevant work. Because the Court cannot conclude that the error was inconsequential to the ultimate nondisability determination, remand is warranted. *See Garcia v. Comm'r of Soc. Sec. Admin.*, 768 F.3d 925, 932 (9th Cir. 2014) (error is harmless only when inconsequential to the ultimate nondisability determination).

## IV.    REMEDY

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion. *See Treichler*, 775 F.3d at 1099. When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if the evidence were

6

properly evaluated, remand for further proceedings is appropriate. *Id.* at 1101. In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed. *Id.*

Here, remand for further proceedings is appropriate so that the ALJ may properly evaluate Plaintiff's allegations of fatigue and daytime sleepiness, reconsider the RFC, and proceed through the sequential evaluation as necessary. Because those issues must be resolved before a disability determination can be made, remand for additional administrative proceedings is warranted.[3]

**V.    ORDER**

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:   April 22, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[3] Because remand is warranted on the ground discussed above, the Court need not reach Plaintiff's remaining claims of error. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

7